```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 18-CV-22549-SCOLA
                              MAGISTRATE JUDGE P.A. WHITE
```

YACKSON VAILLANT,

    Petitioner,

vs.                              REPORT OF
                                     MAGISTRATE JUDGE

JEFF SESSIONS, ATTORNEY GENERAL
OF THE UNITED STATES, et al.,

    Respondents.
_____/

    Petitioner filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §§2241-43. Careful review of the petition reveals that he is essentially challenging his continued detention by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE").

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules Governing Section §2241-43 Cases in the United States District Courts.

    The court has considered the instant petition (DE#1), together with the respondent's response (DE#9) to this court's show cause order with supporting exhibits.

    At the time the petition was filed, on June 2, 2018, Petitioner was in custody of ICE and detained at the Krome Service Processing Center. (DE# 1). Relying on the United States Supreme Court's ruling in Zadvydas v. Davis, 533 U.S. 678 (2001),[1]

---

[1] In Zadvydas, the Supreme Court found that 8 U.S.C. §1231(a)(6) does not authorize the INS to hold legally admitted, but removable, aliens in custody indefinitely. Rather, Zadvydas held that while a legally admitted alien can be

petitioner sought release from ICE custody. (Id.).

In its response to this court's show cause order (DE#9), the government argues correctly that this petition is subject to dismissal as there is no longer a case or controversy. On the afternoon of June 29, 2018, the Miami-Dade County Police Department took Petitioner into custody on a warrant for his arrest in connection with case no. F17021323. (DE#9: Ex. A, In Custody Inmate Information). As a result, Petitioner is now in the custody of the Miami-Dade County Department of Corrections and being housed at Turner Guilford Knight Correctional Center. (Id.).

Since petitioner is no longer "in custody" which means "the person was released from ICE custody within the last 60 days," this federal habeas petition is now moot, and dismissal is warranted.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies'.... In turn, the 'case or controversy' constraint imposes on federal courts a 'dual limitation' known as 'justiciability,'" a doctrine that "'prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context.'" Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002)(citations omitted); see also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001)(same). "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy' ... 'a case is moot when it no

---

detained during the 90-day "removal period" contemplated by the statute, the alien can be held after that period for only a "reasonable period," which is presumed to be six months, unless the INS can show that there is a "significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 698-701.

2

longer presents a live controversy with respect to which the court can give meaningful relief.'" Soliman, 296 F.3d at 1242 (citations omitted).

In Soliman, the Eleventh Circuit dismissed as moot an appeal filed by an alien who had sought habeas corpus relief from his continued detention pending execution of a removal order. The alien was removed from the United States while the appeal was pending. In light of his removal, the Court found that it was "abundantly clear" that the appeal was moot because the relief sought by the alien-release from detention pending removal, in addition to other relief-could not be effected by any order from the Court since the alien was no longer being detained. Id. at 1243. The Court further determined that there was no basis for invoking the exception to the mootness doctrine for cases that are capable of repetition yet evading review, because there was "absolutely no reason to believe that he will again be detained ... under the same circumstances[.]" Id.

Moreover, several district courts have determined that once an alien §2241 petitioner has been released from administrative custody, the petition no longer presents a case or controversy. Abdalla v. Ashcroft, 2004 WL 2315089, *2 (W.D.N.Y.2004)("As, however, petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant Petition no longer presents a case or controversy pursuant to Article III, §2 of the United States Constitution."), adopted by Abdalla v. Ashcroft, 2004 WL 2491646 (W.D. N.Y. 2004). In light of the foregoing, the Court concludes that the instant habeas corpus petition is moot. See Soliman, 296 F.3d at 1242-43.

Since the petitioner has been released from ICE custody, and has been taken into the custody of Miami-Dade County Department of

3

Corrections, no order from this Court directing his release from ICE detention pending final removal could have any effect. Since this court can no longer order the federal respondent to release petitioner, as requested in the petition, because petitioner has already been released from the custody of ICE, there is "nothing for us to remedy, even if we were disposed to do so.'" Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18 (1998).

It is therefore recommended that this federal habeas corpus petition be DISMISSED, as moot, and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 9th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Yackson Vaillant, Pro Se
     A 208972719
     Krome Service Processing Center
     Inmate Mail/Parcels
     18201 SW 12th Street
     Miami, FL 33194

     Yackson Vaillant, Pro Se
     #3174770
     Turner Guilford Knight Correctional Center
     7000 NW 41st Street
     Miami, Florida 33166

     James Alan Weinkle
     United States Attorney's Office
     99 N.E. 4th Street
     Suite 300
     Miami, FL 33132
     305.961.9290
     Fax: 305.530.7139
     Email: James.Weinkle@usdoj.gov